# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| VALERIE STRIBLET, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-00839 |
| MERCHANTS CREDIT GUIDE COMPANY, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes VALERIE STRIBLET ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of MERCHANTS CREDIT GUIDE COMPANY ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and substantial portion of the events or omissions giving rise to the claims occurred within, the Northern District of Illinois.

### PARTIES

4. Plaintiff is a "person," as defined by 47 U.S.C. §153(39), over 18 years of age residing in Bellwood, Illinois, which lies within the Northern District of Illinois.

5. Defendant is a third party debt collector that claims to have been "helping people resolve debt for over 120 years."[1] Defendant is a corporation organized under the laws of the state of Illinois and maintains its principal place of business at 223 West Jackson Boulevard, Chicago, Illinois. Defendant regularly conducts business with consumers in the state of Illinois, and uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the state of Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon purportedly outstanding consumer debts ("subject debts") said to be owed by Plaintiff.

9. The subject debts stems from purportedly past due payments Plaintiff is said to owe in connection with multiple medical debts that Plaintiff incurred for personal purposes.

10. On information and belief, Defendant acquired the collection rights to the subject debts after Plaintiff's purported default on the subject debts.

11. Around the middle of 2018, Defendant reported the subject debts on Plaintiff's credit report.

---

[1] https://merchantscreditguide.com/index.php

2

12. Plaintiff contacted Defendant shortly after the subject debts were reported on her credit to dispute all of the accounts in collection except for one, which she agreed to pay.

13. Plaintiff made arrangements with Defendant to make monthly payments of $50 for the one account that she did not dispute.

14. Plaintiff scheduled an automatic withdrawal each month for $50.00 to be applied to this one account, and faithfully made on-time payments until approximately March of 2020 when the account was paid in full.

15. However, after Plaintiff completed her agreed-to payments, Defendant nevertheless withdrew an additional $50.00 from Plaintiff's bank account and applied that payment to one of the accounts which Plaintiff disputed.

16. Plaintiff became emotionally distressed that Defendant withdrew funds from her bank account without authorization, distress which was exacerbated by Defendant's application of the erroneous withdrawal to an account Plaintiff actively disputed.

17. Defendant's application of the unauthorized withdrawal further harmed and put Plaintiff at risk of harm, as Defendant's erroneous application of the unauthorized funds caused the dispute Plaintiff lodged in relation to such account to be undercut by Plaintiff's apparent, but unauthorized, payment on the account.

18. Frustrated by Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in wasting time and expenses.

19. Plaintiff has suffered actual damages as a result of Defendant's conduct, including the amount withdrawn from her bank account and costs and time incurred with addressing Defendant's conduct.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered additional concrete harm as a result of Defendant's conduct, including but not limited to emotional distress, aggravation, expending time addressing and dealing with Defendant's confusing and misleading conduct, and numerous violations of her federally protected interests to be free from harassing, deceptive, and abusive debt collection conduct.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones and credit reporting to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendant violated §1692d when it harassingly and abusively withdrew $50.00 from Plaintiff's bank account without authorization. Withdrawing funds from a consumer's bank account absent authorization is inherently conduct with the natural consequence of harassing, oppressing, and abusing such consumer.

### b. Violations of FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property…" 15 U.S.C. § 1692e(4); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

30. Defendant violated §1692e, e(4), and e(10) when it withdrew $50.00 from Plaintiff's bank account without authorization. Defendant's conduct implied that Plaintiff's nonpayment of the subject debts would, and actually did, result in the seizure of Plaintiff's property, although such conduct was not lawful as it was done completely without Plaintiff's authorization. It was false, deceptive, and misleading for Defendant to make this withdrawal as it was entirely without authorization.

31. Defendant further violated § 1692e and e(10) when it deceptively applied the unauthorized withdrawal to an account which Plaintiff disputed. Defendant's conduct in this regard constitutes a deceptive and misleading attempt to make it appear as though Plaintiff did not dispute a debt, but was instead actively making payments on such debt.

### c. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits, "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

5

33. Defendant violated §§1692f and f(1) when it unfairly and unconscionably withdrew $50.00 from Plaintiff's bank account without authorization. Any agreement between Plaintiff and the original creditor of the subject debts does not allow the unauthorized withdrawal of funds from a party's bank account. Such conduct was also not lawful. Therefore, Defendant's conduct violates the above referenced portions of the FDCPA.

34. Defendant further violated d§ 1692f when it unfairly applied the unauthorized withdrawal to an account which Plaintiff disputed.

**d. Violations of FDCPA §1692h**

35. The FDCPA, pursuant to 15 U.S.C. §1692h, states that "[i]f any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payments to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions."

36. Defendant violated §1692h when it applied the unauthorized $50.00 withdrawal from Plaintiff's bank account to an account that Plaintiff had previously disputed and directly contrary to Plaintiff's directions.

WHEREFORE, Plaintiff, VALERIE STRIBLET, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 15, 2021                                    Respectfully submitted,

/s/ Nathan C. Volheim                                      /s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                           Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Northern District of Illinois              Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                        2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (331) 307-7648 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   ecoleman@sulaimanlaw.com


/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com